## HENRY *v.* STATE.

Opinion delivered December 18, 1897.

INTOXICATING LIQUORS—PROOF OF SALE.—Evidence that defendant shipped whisky from this state to a person in Missouri is not sufficient to prove that the whisky was sold at the place of shipment. (Page 498.)

Appeal from Howard Circuit Court.

WILL P. FEAZEL, Judge.

*Jas. D. Shaver*, for appellant.

There is no provision in our law allowing a sealed verdict. Even where it is allowed, the jury are required to return their verdict into court. 28 Am. & Eng. Enc. Law, pp. 343 and 409; Sand. & H. Dig., § 2252; 19 Ark. 476, and cases cited. After the jury was once discharged, and had separated, it was error to recall them, and receive a verdict from them. 32 Ark. 585, and cases cited; 49 Ark. 195. There was no evidence that appellant *sold* any whisky, and it was error to give an instruction in regard to such a sale. 43 Ark. 95; 51 *ib.* 550; 26 S. W. 10. There was no allegation in the indictment that appellant had violated the special statute, therefore it was error to instruct the jury to convict under it. 1 Bish. Crim. Law, pp. 794, 797 and 803; 19 Ark. 205. The evidence does not show a *sale* of whisky by defendant. Mere shipment of whisky from a place does not constitute a sale at that place. 51 Ark. 133; 50 Ark. 20; Sand. & H. Dig., § 4864-5.

*E. B. Kinsworthy*, Attorney General, for State.

The court did not err in recalling the jury and receiving their confirmation of the sealed verdict already handed in to the clerk. Nor is it error to allow the jury to separate before verdict in misdemeanor cases. Sand. & H. Dig., § 2239; 39 Ark. 309. Defendant should have objected at the time, if at all. 16 Gray (Mass.), 531; 14 Bush (Ky.), 769; 37 Pac. Rep. 1059; 63 Ark. 504. The court had the discretionary power to direct a sealed verdict. 19 Ill App. 88; 55 *ib.* 649—

651; 59 *ib.* 543. The sale was complete when the whisky was delivered to the railway company for shipment. 43 Ark. 353; 51 Ark. 133.

BUNN, C. J. The appellant, Dave Henry, was indicted, at the February term, 1897, of the Howard circuit court, for the crime of violating the liquor laws; and, omitting the merely formal parts, the indictment reads as follows: "The grand jury of Howard county, in the name of and by the authority of the State of Arkansas, accuse Dave Henry of the crime of violating the liquor law, committed as follows, to-wit: The said Dave Henry, in the county and state aforesaid, on the 13th day of July, A. D. 1896, did unlawfully sell ardent, vinous, malt, fermented, spirituous and intoxicating liquors, without having obtained a license from the county court of the county aforesaid authorizing such sale."

The evidence on the part of the state was to the effect that the defendant was the owner and operator of a distillery located about three-fourths of a mile from Nashville, in Howard county; that in the town of Nashville was located Central College, an institution of learning, within ten miles of which the sale of liquor is prohibited by special act of the general assembly, approved March 10, 1891; that in February, 1896, one quart of whisky was sold to state's witness by some one to the purchaser unknown, and who, the jury might or might not have found, was one of the persons engaged about the distillery, and that the sale, under the circumstances, may or may not have been such as the defendant was in some way connected with or responsible for. And, further, the evidence shows that the defendant, at times during the year 1896, shipped whisky by rail from the depot of the Arkansas & Louisiana Railway, at Nashville, to persons in Texarkana and other points in Texas, and also to one Little, in the state of Missouri; and the defendant, as a witness, said he supposed the depot at Nashville was within Howard county.

On the part of the defense, the evidence shows that defendant's distillery was a government registered distillery, and that all the liquor he manufactured he was required to deposit at once in the bonded warehouse, and was not per-

mitted to sell any except upon withdrawal permits and the payment thereon of the federal license, and was not permitted to have the key of the warehouse, but the federal officer kept it; and there was evidence showing that the defendant had observed the requirements of the federal law.

The court, over the objections of the defendant, gave two instructions asked by the state, and also gave two asked by the defendant, about which two given at the instance of the defendant there is no controversy.

The second instruction given for the plaintiff is as follows, to-wit: "If the jury believe from the evidence, beyond a reasonable doubt, that the defendant, within twelve months before the finding of the indictment, did sell whisky to Little in Missouri, and deliver the whisky on the train at Nashville, to be shipped to the said Little, this would be a sale to Little at Nashville, and he would be guilty, provided they find the depot is in Howard county, and within ten miles of Central College." In the first place, there was no evidence upon which to base this instruction; for, while the evidence showed that defendant had shipped whisky from Nashville to Little, in Missouri, there is none that he sold whisky to Little, and shipped it to him in pursuance of such sale. In the next place, there does not appear any order for the purchase of the whisky from Little to the defendant; and if the shipment was made as part of a sale, there is nothing to show us whether the carrier was the agent of the seller or the purchaser in carrying and delivering the whisky. Little may have been a mere agent of defendant, and not a purchaser at all, for anything that appears in evidence to the contrary.

The giving of said second instruction on the part of the plaintiff was error; and, as we cannot see what influence it might have had on the jury in arriving at their verdict, the error is a reversible one.

Judgment reversed, and cause remanded for a new trial.